UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DATA COOLING TECHNOLOGIES LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 17-52170 and 17-52177<br>(Request for Joint Administration Pending)<br><br>Judge Koschik |

## MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS APPROVING (I) USE OF CASH COLLATERAL AND (II) PROVIDING ADEQUATE PROTECTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105, 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), request entry of interim and final orders authorizing the Debtors to: (i) use cash collateral and (ii) provide adequate protection in connection therewith.

In support of this Motion, the Debtors respectfully represent as follows:

### Background

1. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their business, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of each of the Debtors' tax identification numbers following in parentheses are: Data Cooling Technologies LLC (3425); and Data Cooling Technologies Canada LLC (3172).

{6959814:3}

3. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases, is set forth in detail in the Declaration of Gregory Gyllstrom in Support of Chapter 11 Petitions and First Day Motions (the "Gyllstrom Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[2]

## Summary of Prepetition Financing Agreements

4. The capital structure of the Debtors is simple. Data Cooling Technologies LLC ("DCT") and KeyBank, N.A. (the "Prepetition Secured Lender") are parties to that certain Second Amended and Restated Credit Agreement, dated April 27, 2016 (as amended, the "Credit Agreement"), which consists of a line of credit facility and a term loan. The obligations of DCT to KeyBank under the Credit Agreement are secured by first priority liens and security interests in substantially all of the assets of DCT, including all accounts receivable, equipment and inventory of DCT. As of the Petition Date, the balance on the line of credit was fully paid off and the balance remaining on the term loan was approximately $1.933 million. Because of defaults under the Credit Agreement, DCT does not currently have the ability to borrow under the line of credit.

5. As of the Petition Date, the Debtors also had unsecured obligations in excess of $10 million, including more than $7 million in trade debt, $1.5 million in unsecured note debt, disputed royalty payments of approximately $1.7 million, and other unliquidated claims.

## Relief Requested

6. By this Motion, the Debtors seek entry of interim and final orders authorizing the Debtors to (i) use cash collateral and (ii) provide the Prepetition Secured Lender with adequate protection in connection therewith. Because the Prepetition Secured Lender has liens and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Gyllstrom Declaration.

security interests in substantially all of the Debtors' assets, the use of cash collateral under the proposed order is necessary to permit the Debtors to operate their business and to consummate a proposed exit plan from bankruptcy. Without the Debtors' ability to use cash, the Debtors would not have the liquidity to continue operations or fund the costs of bankruptcy. The Prepetition Secured Lender has consented to the use of its cash collateral (the "Cash Collateral") pursuant to the terms described herein and as set forth in the proposed order attached hereto as <u>Exhibit B</u>.

7. With respect to the use of Cash Collateral and proposed adequate protection for the Prepetition Secured Lender, the Debtors seek the following relief:

    a. that the Court conduct a preliminary hearing to consider this Motion (the "Interim Financing Hearing") pursuant to Bankruptcy Rule 4001;

    b. that, after the Interim Financing Hearing, the Court enter an interim order, substantially in the form of the order attached hereto as <u>Exhibit B</u> (the "Interim Financing Order"), authorizing the Debtors, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b), to use Cash Collateral to fund the expenses set forth in the budget subject to a 15% variance in the aggregate measured on rolling four-week basis beginning in the fourth week following the Petition Date (the "Budget," a copy of which is attached hereto as <u>Exhibit A</u>) upon the terms and conditions set forth in the Interim Financing Order, pending a final hearing on this Motion;

    c. that the Court authorize the adequate protection proposed below, pursuant to sections 361 and 363 of the Bankruptcy Code, and find that no other adequate protection is necessary to authorize the Debtors' use of Cash Collateral in accordance with the Budget; and

    d. that the Court schedule a final hearing (the "Final Financing Hearing") to approve the relief requested herein on a final basis and, in the absence of a timely filed and served objection, deem the Interim Financing Order to be a final order without further action by the Court.

## Basis for Relief

**A.    <u>Cash Collateral</u>**

8. Section 363 of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules authorize a court to enter an order authorizing a debtor to use Cash Collateral. To do so,

however, the court must find that the party whose cash collateral is to be used has received "adequate protection" of its interest in such cash collateral. As set forth herein, and as will be demonstrated at the hearing on this Motion, the interests of the Prepetition Secured Lender in Cash Collateral will be adequately protected.

9. The use of Cash Collateral is necessary for the Debtors to maintain sufficient liquidity so that it may continue to operate during the pendency of their chapter 11 cases. Without immediate access to Cash Collateral, the Debtors will not be able to pay the ongoing costs of running their business and administering the estates, the result of which would be the cessation of operations, irreparable damage to the value of the Debtors, and the corresponding diminution in the value of the Prepetition Collateral. Indeed, the Debtors have determined that if they are not allowed the use of Cash Collateral, the chapter 11 cases likely will need to be dismissed or converted to cases under chapter 7 of the Bankruptcy Code in relatively short order.

10. Access to Cash Collateral will also provide the Debtors' customers, vendors, and employees with the comfort that the Debtors will be able to continue to conduct their remaining active business operations in the ordinary course and without interruption. Otherwise, an adverse ruling by the Court on this Motion would lead to a dramatic decrease in the Debtors' value and would materially impair the Debtors' restructuring efforts.

**B.** **The Statutory Basis for Adequate Protection**

11. The Debtors' use of Cash Collateral, including the Debtors' proposed provision of adequate protection set forth below, is authorized pursuant to section 363(c) of the Bankruptcy Code. The Court, in authorizing the use of Cash Collateral, may do so if it finds that the interest of the entity holding a lien on cash collateral is, or will be, adequately protected. In this case, the interests of the Prepetition Secured Lender in the Prepetition Collateral will be adequately protected by the granting of replacement liens, the allowance of superpriority claims, the

provision of periodic payments in accordance with the Budget, and the delivery of regular financial reporting.  Section 363(c)(2) of the Bankruptcy Code provides that a debtor "may not use, sell or lease cash collateral…unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section."  See 11 U.S.C. §363(c).  The Prepetition Secured Lender has consented to the use of Cash Collateral as set forth in the Interim Financing Order.  As a result, the Debtors believe that, for the reasons set forth herein, the Court should authorize the Debtors' use of Cash Collateral.

12.  Section 363(e) of the Bankruptcy Code provides that, on request of an entity that has an interest in cash collateral to be used, a court may condition such use as is necessary to provide adequate protection of such interest.  What constitutes adequate protection must be decided on a case-by-case basis.  See Mbank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472 (8th Cir. 1985); see also, S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978).  The focus of the requirement is to protect a secured creditor from diminution in the value of its collateral during the use period.  See In re Gasel Transp. Lines, Inc., 326 B.R. 683, 692 (6th Cir. B.A.P. 2005); Matter of Kain, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); Delbridge v. Production Credit Association and Federal Land Bank (In re Delbridge), 104 B.R. 824 (E.D. Mich. 1989).

13.  The test for determining what constitutes adequate protection is "whether the secured party's interest is protected from diminution or decrease as a result of the proposed use of cash collateral."  In re Carbone Companies, Inc., 395 B.R. 631, 635 (Bankr. N.D. Ohio 2008) citing Gasel Transp. Lines, 326 B.R. 683.  In other words, if a debtor's proposed protections adequately preserve the creditor's interest in the collateral as it existed on the petition date, then that creditor is adequately protected.

{6959814:3}   5

17-52170-amk    Doc 10    FILED 09/08/17    ENTERED 09/08/17 17:59:58    Page 5 of 10

C. **Adequate Protection Can Take Various Forms**

14. Adequate protection is typically established by demonstrating that cash is being used to maintain and enhance the value of the underlying income producing property in which the creditor also usually holds a security interest. Other factors are also considered, such as whether or not there is equity in the property, whether the property is declining in value, and whether or not postpetition payments due the creditor are current. See In re The Atrium Development Company, 159 B.R. 464, 471 (Bankr. E.D. Va. 1993).

15. Section 361 of the Bankruptcy Code provides that periodic cash payments, replacement liens, or relief constituting the "indubitable equivalent" of the creditor's interest may provide adequate protection. See In re Potvin Lumber Company, Inc., 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtors could use cash collateral, and finding that the bank was adequately protected where the total value of the Debtor's personal property exceeded the bank's indebtedness); see also In re Coventry Commons Associates, 149 B.R. 109 (Bankr. E.D. Mich. 1992); In re The Resolution Trust Corporation v. Swedeland Development Group, Inc. (In re Swedeland Development Group, Inc.), 16 F.3d 552, 564 (3d Cir. 1994).

16. In satisfaction of the aforementioned legal standards, the Debtors propose the following as adequate protection for the Prepetition Secured Lender (collectively, the "Adequate Protection Package"):

- As security against and to the extent of diminution in value of the Prepetition Secured Lender's interest in the Prepetition Collateral, first priority replacement liens (the "Replacement Liens") on all the Debtors' postpetition property and assets, not including avoidance actions under chapter 5 of the Bankruptcy Code but including the proceeds thereof, subject only to the (i) allowed postpetition fees and expenses of professionals retained in the Debtors' cases subject to the Budget and an agreed post-default amount, and (ii) fees payable to the United States trustee pursuant to 28 U.S.C. § 1930 (collectively the "Carve-Out").

- To the extent of diminution in value of the Prepetition Secured Lender's interest in the Prepetition Collateral, an allowed superpriority administrative expense claim under 507(b) of the Bankruptcy Code.

- Periodic payments of principal and interest to the Prepetition Secured Lender in accordance with the Budget.

- Regular reporting to the Prepetition Secured Lender, which would consist of weekly budget updates and, if requested, conference calls with the Prepetition Secured Lender and/or its representatives. Further, the Debtors would grant the Prepetition Secured Lender with reasonable access to information and documentation related to the Debtor's financial condition and business operations (collectively, the "Reporting").

17. The provision of the Adequate Protection Package provides the Prepetition Secured Lender with more than sufficient adequate protection for the Debtors' use of Cash Collateral. First, the granting of the Replacement Liens in the Postpetition Collateral will operate to keep the Prepetition Secured Lender whole in its collateral position. To the extent any Prepetition Collateral, such as accounts receivable, is consumed through the use of Cash Collateral, the Prepetition Secured Lender will receive a lien on any corresponding collateral that is generated postpetition. Second, the Budget establishes a payment schedule that will reduce the entirety of the obligations owing to Prepetition Secured Lender during the pendency of the pendency of the chapter 11 cases. Finally, the Reporting will ensure that the Prepetition Secured Lender will have regular access to monitor the progress of the cases, the Budget and other metrics to ensure the maintenance of its collateral position. Most importantly, the use of Cash Collateral will allow the Debtors the ability to maintain the going concern value of the Debtors' operations, the most critical factor in preserving the value of the Prepetition Collateral.

18. Accordingly, the Debtors submit that the Adequate Protection Package provides the Prepetition Secured Lender with sufficient adequate protection of its interests under section 363 of the Bankruptcy Code and should be approved by the Court.

D. **Interim Approval of the Use of Cash Collateral Should Be Granted**

19. The Debtors submit that the relief requested by this Motion is necessary, essential and appropriate and is in the best interests of, and will benefit, the Debtors, their estates, and

their creditors. Specifically, granting the limited relief set forth in the Interim Financing Order pending the Final Financing Hearing on this Motion will provide the Debtors with the necessary liquidity to: (a) minimize disruption to the Debtors' business and on-going operations; (b) preserve and maximize the value of the Debtors' estates for the benefit of all creditors; and (c) avoid immediate and irreparable harm to the Debtors, their creditors, their business, their employees and their assets. Thus, the use of Cash Collateral is necessary to avoid immediate and irreparable damage to the Debtors' estates, and the Debtors believe that interim relief pursuant to Bankruptcy Rule 4001 is appropriate under the circumstances.

20. Bankruptcy Rules 4001(b) and (c) provides that if, as here, a debtor seeks to use cash collateral and obtain financing during the 14-day period following the filing of a motion requesting such authorization, the court may authorize only that amount as is "necessary to avoid immediate and irreparable harm" to the estate pending a final hearing. Fed. R. Bankr. P. 4001(b)(2) and (c)(2).

21. Without immediate access to the use of Cash Collateral, the Debtors expect to suffer an acute cash shortage immediately, which shortage would threaten their ability to maintain operations in the short term — even through the date of the Final Financing Hearing. Accordingly, the Debtors request that the Court enter the proposed Interim Financing Order authorizing the Debtors to utilize Cash Collateral on an interim basis as provided in the Budget.

### Notice and Scheduling Final Hearing

22. No trustee, examiner or official committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtors' prepetition secured lender; (iv) the District Director of Internal Revenue; and

(v) each of the financial institutions subject to the relief requested in this Motion.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

24. The Debtors respectfully request that the Court schedule the Final Financing Hearing and authorize it to serve a copy of the signed Interim Financing Order which fixes the time and date for the filing of objections by first-class mail upon: (a) the notice parties set forth above; (b) counsel to any statutory committee appointed in the chapter 11 cases; and (c) any party who filed a request for notices in the chapter 11 cases pursuant to Bankruptcy Rule 2002 prior to the date set forth in the Interim Cash Collateral Order for service of notice of the Final Hearing.  The Debtors request that the Court consider such notice of the Final Financing Hearing to be sufficient notice under Bankruptcy Rule 4001 and that, if no objections to entry of the final Financing Order is timely filed, the Debtors and the Prepetition Secured Lender may submit an agreed Final Financing Order without the need for the Final Financing Hearing.

## No Prior Request

24. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order, substantially in the form attached hereto as Exhibit B, granting the relief sought herein on an interim basis; (ii) after a Final Financing Hearing, enter a final order authorizing the use of Cash Collateral in accordance with the Budget; and (iii) grant such other and further relief as the Court may deem proper.

September 8, 2017

Respectfully submitted,

/s/ Sean D. Malloy
Sean D. Malloy (0073157)
Michael J. Kaczka (0076548)
Maria G. Carr (0092412)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION