This document was signed electronically on September 13, 2017, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated:  September 13, 2017



_____
ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DATA COOLING TECHNOLOGIES LLC, | ) |
| *et al.*,[1] | ) Case Nos. 17-52170 and 17-52177 |
| | ) (Request for Joint Administration |
| Debtors. | ) Pending) |
| | ) |
| | ) Judge Koschik |

**INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES; (II) DETERMINING THAT UTILITIES ARE ADEQUATELY ASSURED OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE**

This matter coming before the Court on the Motion of Debtors for Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services on Account of Prepetition Invoices; (II) Determining that Utilities are Adequately Assured of Payment; and (III) Establishing Procedures for Determining Requests for Additional Assurance, Docket No. 7 (the

---

[1] The Debtors and the last four digits of each of the Debtors' tax identification numbers following in parentheses are: Data Cooling Technologies LLC (3425); and Data Cooling Technologies Canada LLC (3172).

{6965712:}                                                                1

Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). The Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Debtors' chapter 11 cases and the Motion is proper under 28 U.S.C. § 1408 and § 1409; (d) service and notice of the Motion was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED, on an interim basis, subject to the terms and conditions set forth herein, and as modified herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3. Pursuant to sections 105 and 366(b) and (c) of the Bankruptcy Code, and absent any further order of this Court, each of the Utility Companies is prohibited from altering, refusing or discontinuing service to the Debtors on account of unpaid prepetition invoices from the commencement of the chapter 11 cases, or from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition utility services, other than as provided by an Adequate Assurance Deposit, the Additional Adequate Assurance Procedures, or otherwise determined by this Court.

4. The Debtors shall serve a copy of this Interim Order by first-class mail within two business days of the date hereof on each Utility Company listed on <u>Exhibit A</u> attached to the Motion.

5. Within 10 business days of receiving a written request from a Utility Company, the Debtor shall provide a deposit (the "Adequate Assurance Deposit") to such Utility Company (a

"Requesting Utility") in an amount calculated as the average seasonal cost to the Debtors of two weeks of Utility Service from such Requesting Utility; provided that such Requesting Utility is not the beneficiary of an escrow or other security arrangement; and provided further that such Utility Company is not currently paid in advance for its services.

6. As a condition of accepting an Adequate Assurance Deposit, the Requesting Utility shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases.

7. In the event a Utility requests additional adequate assurance, the Additional Adequate Assurance Procedures are hereby approved as follows:

    a. If a Utility does not believe that the Proposed Adequate Assurance is sufficient (the "Objecting Utility"), it shall contact the Debtors to attempt to resolve its request but shall have 14 days from receipt of the Interim Order to file a notice with the Court requesting a hearing on additional adequate assurance.

    b. If a Utility Company requires additional adequate assurance, it must serve the request on: (i) Data Cooling Technologies LLC, 1777 Miller Parkway, Streetsboro, OH 44241 (Attn: Walter Himmelman); and (ii) counsel to the Debtors, McDonald Hopkins LLC, 600 Superior Avenue East, Suite 2100, Cleveland, OH 44114-2653 (Attn: Sean D. Malloy).

    c. If the Debtors and the Objecting Utility do not come to an agreement on Additional Adequate Assurance, the Court shall hold a hearing to determine whether the Objecting Utility is entitled to additional adequate assurance.

    d. In the event that no Objecting Utility files a notice seeking additional adequate assurance within 14 days from entry of the Interim Order, then the Interim Order shall become the Final Order without the need for a further hearing.

8. The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List.

9. In the event that the Debtors amend the Utility Service List to add any Utility Company (each, an "Additional Utility"), the Debtors shall serve, within two business days of such addition, a copy of the amended Utility Service List, together with: (a) a copy of the Motion; (b) this Interim Order; and (c) the proposed Final Order or Final Order, as applicable (the "Additional Utility Notice").

10. Any timelines or deadlines (with the exception of the scheduling of the Final Hearing) imposed by the Motion or this Interim Order shall begin to run for an Additional Utility, in all cases, from the date of service of the Additional Utility Notice.

11. Any Utility Company that receives an Adequate Assurance Deposit shall be directed to: (i) in the event of a closing of the sale of substantially all of the Debtors' assets, return such Adequate Assurance Deposit to the Debtors; or (ii) in the event of a confirmed plan of reorganization, credit such Adequate Assurance Deposit against the Debtors' outstanding obligations after the effective date of such plan.

12. This matter is set for a further hearing at 2 p.m. (prevailing Eastern Time) on September 26, 2017 (the "Final Hearing"), in Courtroom 260 in the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308, at which time any party in interest who has timely objected may appear and state its objections, if any, to the Motion filed. The Debtors shall immediately, but in no event later than September 14, 2017, mail copies of this Interim Order to the following parties: (i) the United States Trustee for the Northern District of Ohio; (ii) those creditors listed on each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (iii) the Debtors' prepetition secured lenders; (iv) the District Director of Internal Revenue; (v) the Utility Companies; and (vi) all parties in interest that have filed notices of appearance in the Debtors' chapter 11 case. Objections shall be in writing and shall be filed with the Clerk of the Bankruptcy Court, with a copy served upon McDonald Hopkins LLC, 600 Superior Avenue, E., Suite 2100, Cleveland, Ohio 44114, Attn: Sean D. Malloy, so that such Objections are

received on or before 4:00 p.m. (prevailing Eastern Time) on September 28, 2017; any objections by creditors or other parties-in-interest to any of the provisions of this Interim Order shall be deemed waived unless filed and received in accordance with the Interim Order. This Order shall become a final order if no Objections are received by this deadline. If an Objection is received, a final hearing on the Motion is set for 2 p.m. (prevailing Eastern Time) on October 17, 2017 (the "Final Hearing"), in Courtroom 260 in the John F. Seiberling Federal Building & U.S. Courthouse, 2 South Main Street, Akron, Ohio 44308. Except as otherwise provided in this paragraph, the terms of this Interim Order shall be valid and binding upon the Debtors, all creditors of the Debtors, and all other parties-in-interest from and after the date of the entry of this Interim Order by this Court. In the event this Court modifies any of the provisions this Interim Order following such further hearing, such modifications shall not affect the rights of Utility Companies with respect to the Motion, and this Interim Order shall remain in full force and effect except as specifically amended or modified at such Final Hearing.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

# # #

Prepared by:

/s/ Sean D. Malloy
Sean D. Malloy (0073157)
Michael J. Kaczka (0076548)
Maria G. Carr (0092412)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

{6965712:}                                           5

17-52170-amk    Doc 40    FILED 09/13/17    ENTERED 09/13/17 15:20:33    Page 5 of 5