UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case Nos. 17-52170 and 17-52177 |
| **Data Cooling Technologies, LLC, et al.** | (Jointly Administered) |
| Debtors. | Chapter 11 |

**RESPONSE OF TSS TECHNOLOGIES, INC. TO
MOTION OF DATA COOLING TECHNOLOGIES, LLC, FOR AN ORDER (A)
AUTHORIZING THE SALE OF DATA COOLING ASSETS FREE AND CLEAR OF
ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; (C) APPROVING EXPENSE REIMBURSEMENT; (D)
APPROVING SETTLEMENT AND RELEASE OF CLAIMS WITH KYOTOCOOLING
NORTH AMERICA LLC AND (E) GRANTING RELATED RELIEF**

TSS Technologies, Inc. ("TSS"), by and through undersigned counsel, files this response (the "Response") to the Debtor's Motion For an Order (a) Authorizing the Sale of the Thermotech Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (c) Approving Expense Reimbursement; (d) Approving Settlement and Release of Claims with KyotoCooling North America LLC; and (e) Granting Related Relief (the "DCT Sale Motion")[Docket No. 162].

TSS and Debtor had business dealings between them. For purposes of the Response, TSS is a creditor of the Debtor by virtue of a pre-petition business relationship arising out of a Manufacturing Agreement dated December 22, 2016, a copy of which is attached hereto as Exhibit A (the "Manufacturing Agreement"). TSS has a claim for $689,009.00 for payment for pre-petition services pursuant to the statement of account attached hereto as Exhibit B. TSS has

been scheduled in the Statement of Financial Affairs as holding $566,155.00 worth of inventory as custodian for the Debtor (the "Inventory")[Docket No. 119]. TSS, pursuant to a Purchase Order attached hereto as Exhibit C (the "Purchase Order") and the Manufacturing Agreement, manufactured four cooling units (the "Units"). Through the course of these proceedings, it has become apparent that the Debtor intends to sell the Inventory and the Units as part of the sale (the "DCT Sale") proposed by the DCT Sale Motion. TSS objects to the inclusion of the majority of the Inventory and the Units in the DCT Sale based on the legal and factual grounds set forth herein.

1. **The Debtor's Inventory At TSS Is Materially Overstated.**

As noted, the Statement of Financial Affairs lists the Inventory as an asset of the Debtor worth $566,155.00 and the Debtor has provided a spreadsheet identifying the Inventory, a copy of which is attached hereto as Exhibit D. These figures are not consistent with the records of TSS, which shows items relating to the Debtor totaling $367,009.92. A copy of TSS's spreadsheet is attached hereto as Exhibit E. TSS has purchase orders to the Debtor for $317,491.32 of the $367,009.92 total. A copy of these TSS purchase orders are attached hereto as Exhibit F. The parts comprising the $317,491.32 <u>do not</u> appear on the inventory list provided by the Debtor, which is consistent with the fact these parts were sold to TSS and, as such, are no longer inventory of the Debtor. There are parts totaling $44,225.06 for which TSS does not have purchase orders to the Debtor, but do appear in its list of parts attributable to the Debtor. Finally, TSS has parts totaling $5,293.04 that are attributable to the Debtor but the Debtor does not show as inventory. The bottom line to this analysis is that the inventory shown by the Debtor as in possession of TSS is not $566,155.12, but, at most $49,518.10 ($44,225.06 + $5,293.04) and, more realistically, the $44,225.06 figure noted above.

It is axiomatic that items purchased by TSS can no longer be considered as inventory of the Debtor and the Debtor's spreadsheet emphasizes that point. As such, the majority of the inventory is not an asset of the Debtor that is subject to being sold by way of the DCT Sale Motion.

2. **The Debtor's Rights In The Units Are Inferior To The Rights of TSS.**

Based on the clarification regarding the Inventory set forth above, the only other asset in which TSS has an interest that is subject of the DCT Sale Motion are the Units.

The Units were manufactured pursuant to the Manufacturing Agreement and the Purchase Order. Pursuant to the Manufacturing Agreement, TSS was entitled to be paid fifty percent (50%) of the total price upon shipment and the balance forty-five days from shipment. The amount due was not paid to TSS pre-petition. When it came time to ship the Units, TSS exercised its rights under O.R.C. §1302.76(A), which provides, in applicable part, that "[w]here the seller discovers the buyer to be insolvent he may refuse delivery except for cash including payment for all goods theretofore delivered under the contract . . ." While TSS can provide testimony as to the factors that led it to the conclusion that the Debtor was insolvent at the time of shipment, the Bankruptcy Code contains a presumption of insolvency in the ninety day window prior to bankruptcy that would encompass the time when the Units were to be shipped. *See, for example* 11 U.S.C. §547(f).

DCT failed to pay the amounts required in order to ship the Units to DCT and TSS has been in rightful possession of the Units since manufacture. Per the Purchase Order attached as Exhibit B, TSS is owed the sum of $193,976.00 for the manufacture of the Units, in addition to the sum of $689,009.00 for non-payment on other units shipped. Based on the foregoing, TSS is in the rightful possession of the Units. The Debtor has no interest in the Units to sell having not

paid for them. The Debtor is not in possession of them. Moreover, the Debtor does not propose to pay TSS as part of the DCT Sale. As such, they are not includable in the sale proposed by the DCT Sale Motion.

### 3. TSS Is Entitled To Adequate Protection for the Sale of the Inventory and/or Units.

Alternatively, if it is determined by the Court that the Inventory and/or Units are properly includable in the sale of the assets of DCT, TSS requests adequate protection pursuant to 11 U.S.C. §363(e). This provision provides that "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased by the trustee, the court, with or without a hearing, shall prohibit or condition the such use, sale or lease as is necessary to provide adequate protection of such interest."

In the instance case, TSS has added $193,976.00 of value through the manufacturing of the Units. Pursuant to the sale documents made available to TSS, it does not appear that the Purchase Order is characterized as one of the Assumed Liabilities (as defined in the Asset Purchase Agreement, Settlement Agreement And Release that underlies the DCT Sale Motion (the "APA")) nor does it appear that the Manufacturing Agreement or the Purchase Order is characterized as an Assumed Contract (as defined in the APA). As such, the Debtor seeks to sell the Units without compensating TSS in any fashion. TSS submits that the figure of $193,976.00 is reasonable adequate protection under the circumstances if the Units are sold as contemplated by the DCT Sale Motion. Further, TSS submits that the sum of $322,784.36 is reasonable adequate protection under the circumstances if the Inventory is sold as contemplated by the DCT Sale Motion.

### 4. Conclusion.

Wherefore, TSS requests that this Court determine that: (a) the majority of the Inventory is not subject to being sold; (b) that the DCT Sale Motion does not include the Units as an asset to be sold; (c) alternatively, if the Inventory and/or the Units are found to be included in the assets subject to the DCT Sale Motion, that TSS be provided adequate protection in an amount to be determined by the Court; and (d) for all other relief to which it is found to be entitled.

Respectfully submitted,

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH 45202-4060
Phone: (513) 621-6464
Fax:   (513) 651-3836

*/s/ Jeffrey M. Hendricks*
Jeffrey M. Hendricks (0066889)
*Attorney for TSS Technologies, Inc.*
GRAYDON HEAD & RITCHEY LLP
312 Walnut Street
Suite 1800
Cincinnati, OH  45202-4060
Direct: (513) 621-6464
Fax:   (513) 651-3836
E-Mail: jhendricks@graydon.law

## PROOF OF SERVICE

       This is to certify that a copy of the foregoing Response of TSS Technologies, Inc. to Motion Of Data Cooling Technologies, LLC, for an Order (a) Authorizing the Sale of the Thermotech Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (b) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (c) Approving Expense Reimbursement; (d) Approving Settlement and Release of Claims with KyotoCooling North America LLC; and (e) Granting Related Relief has been sent via the Court's electronic filing system on this 27th day of November, 2017, to the parties referenced below.

John C. Allerding on behalf of Creditor KeyBank National Association
john.allerding@thompsonhine.com, ECFDocket@thompsonhine.com

Kate M. Bradley on behalf of Creditor Capital Power Group
kbradley@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

Stuart C. Brinn on behalf of Creditor Raging Wire Data Centers, Inc.
scbrinnbky@strausstroy.com

Maria Carr on behalf of Debtor Data Cooling Technologies Canada LLC
mcarr@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Kenneth R. Cookson on behalf of Plaintiff Angel Albright
kcookson@keglerbrown.com

Sherri Lynn Dahl on behalf of Creditor Committee The Official Committee of Unsecured Creditors sdahl@dahllawllc.com

Anthony J. DeGirolamo on behalf of Creditor Paul A. Colando
ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net;G23630@notify.cincompass.com

Daniel A. DeMarco on behalf of Creditor KyotoCooling North America, LLC
dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Scott D. Fink on behalf of Creditor Weaver Precision Fabricating & Finishing
ecfndoh@weltman.com

Michael J. Kaczka on behalf of Debtor Data Cooling Technologies LLC
mkaczka@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Lynn Rowe Larsen on behalf of Creditor CEC Facilities Group, LLC
llarsen@trzlaw.com, jkafer@trzlaw.com

Angelina E. Lim on behalf of Interested Party Thermotech Enterprises, LLC
angelinal@jpfirm.com, minervag@jpfirm.com;katherines@jpfirm.com

Sean D. Malloy on behalf of Debtors Data Cooling Technologies Canada LLC
smalloy@mcdonaldhopkins.com,
bkfilings@mcdonaldhopkins.com;tmathews@mcdonaldhopkins.com

Michael Vance McCrary on behalf of Plaintiff Angel Albright
vmccrary@thegardnerfirm.com

Marc Merklin on behalf of Creditor Capital Power Group
mmerklin@brouse.com, tpalcic@brouse.com

Paul L. Millet on behalf of Creditor Roth Investment Partnership paul@paulmilletlaw.com

Kenneth M. Misken on behalf of Creditor Above Air Technologies, LLC
kmisken@milesstockbridge.com

James Seth Moore on behalf of Creditor Brock Solutions U.S. Inc.
smoore@ctstlaw.com, jsteele@ctstlaw.com

Thomas C. Nader on behalf of Creditor Committee STARR MANUFACTURING, INC. nader@naderandnaderlawoffice.com

Ryan Neumeyer on behalf of Defendant Data Cooling Technologies LLC
rneumeyer@mcdonaldhopkins.com

Mary E. Olsen on behalf of Plaintiff Angel Albright
molsen@thegardnerfirm.com, apage@thegardnerfirm.com

Craig W. Relman on behalf of Creditor Integrity Staffing Services Inc. crelman@aol.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Bureau of Workers' Compensation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department Of Job & Family Services rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department of Taxation
rschroeter@amercollect.com, sallman@amer-collect.com;HouliECF@aol.com

John A. Polinko on behalf of Proposed Purchaser J&J Mission Critical, LLC
JPolinko@WickensLaw.com, Cpeer@wickenslaw.com

Frederic P. Schwieg on behalf of Creditor HDT Expeditionary Services, Inc.
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Creditor Mielke Mechanical, Inc.
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Creditor Committee THE SHEET METAL PRODUCTS, CO, INC. fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Creditor Committee ZIEHL-ABEGG, INC.
fschwieg@schwieglaw.com

Elliot Michael Smith on behalf of Creditor AIR ENT (OH) LLC
elliot.smith@squirepb.com,
christina.correll@squirepb.com;cle_dckt@squirepb.com

Gregory D. Swope on behalf of Creditor Seifert Technologies, Inc.
gswope@kwgd.com, mhelmick@kwgd.com

Michael S. Tucker on behalf of Creditor WCC Construction Canada, ULC o/a Walsh Canada mtucker@ulmer.com

Curtis L. Tuggle on behalf of Creditor KeyBank National Association
curtis.tuggle@thompsonhine.com, ECFDocket@thompsonhine.com

Robert Patrick Vance on behalf of Creditor Holder Construction Group LLC
pvance@joneswalker.com

Timothy G. Warner on behalf of Creditor Tendon Manufacturing, Inc.
twarner@cavitch.com, mkrawczyk@cavitch.com

James D. Wilson on behalf of Creditor American Builders & Contractors Supply Co., Inc. jwilson@wilsonlawyers.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

                                          */s/ Jeffrey M. Hendricks*
                                          Jeffrey M. Hendricks (0066889)

8097717.2